# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

GEORGE NEWTON,

Plaintiff,

v.

BRIAN WILLIAMS et al.,

Defendants.

Case No. 2:17-cv-01421-APG-GWF

**SCREENING ORDER**

Plaintiff, a former prisoner of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in district court without prepaying fees or costs. (ECF No. 1, 1-1). The Court grants the application to proceed *in forma pauperis* and screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915.

**I.    *IN FORMA PAUPERIS* APPLICATION**

Plaintiff has submitted an application to proceed in district court without prepaying fees or costs. (ECF No. 1). Based on the financial information provided, the Court grants Plaintiff leave to proceed without prepayment of fees or costs pursuant to 28 U.S.C. § 1915(a)(1).[1]

**II.    SCREENING STANDARD**

"[T]he court shall dismiss the case at any time if the court determines that . . . the

---

[1] Plaintiff is not subject to the requirements of 28 U.S.C. § 1915(a)(2), (b) because he is no longer a "prisoner" within the meaning of the statute. *See* 28 U.S.C. § 1915(h).

action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed *in forma pauperis*, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same standard as is applied under Rule 12(b)(6). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face."

*Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A *pro se* litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III. SCREENING OF COMPLAINT

In the complaint, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at High Desert State Prison ("HDSP"). (ECF No. 1-1 at 2). Plaintiff sues Defendants Warden Brian Williams, Assistant Warden Jerry Howell, Offender Management Administrator Jennifer Nash, Caseworker Bruce Stroud, and Caseworker Anderson. (*Id.* at 2-3). Plaintiff alleges one count and seeks monetary damages. (*Id.* at 7, 9).

The complaint generally alleges the following: Plaintiff had two criminal cases pending in state court in Clark County. (*Id.* at 3-4). After his conviction on the first case, Plaintiff entered the custody of the NDOC. (*Id.*) Prison officials processed Plaintiff through initial classification but could not fully classify Plaintiff due to his pending criminal case. (*Id.* at 4). After the resolution of Plaintiff's second criminal case, Plaintiff requested a full classification hearing. (*Id.*) Plaintiff details his kites and requests for a full classification hearing and prison officials' responses from April 2015 through April 2017. (*Id.* at 4-7). Plaintiff's sentences expired on April 22, 2017 and prison officials released Plaintiff from NDOC custody. (*Id.* at 7). Prison officials never conducted a full classification hearing. (*Id.*)

Plaintiff alleges Fourteenth Amendment due process violations against Defendants. (*Id.*) Plaintiff alleges that, by failing to conduct a full classification hearing pursuant to the administrative regulations, Defendants denied Plaintiff the ability to be housed at a minimum level facility or work camp. (*Id.*) If Plaintiff would have been classified at a minimum level facility or a work camp, his sentence would have been significantly reduced due to credits. (*Id.*)

The Court finds that Plaintiff fails to allege a colorable due process claim based on either his classification status or inability to transfer to a minimum security facility. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (holding that prisoners have no liberty interest in their classification status); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (holding that "an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State"); and *Collins v. Palczewski*, 841 F.Supp. 333, 336, 340 (D. Nev. 1993) (finding that neither the U.S. Constitution, Nevada statutory law, nor the state's prison administrative regulations create a protected liberty or property interest in prison employment). As such, the Court dismisses this case, with prejudice, as amendment would be futile.

**IV.    CONCLUSION**

For the foregoing reasons, it is ordered that Plaintiff's application to proceed in district court without prepaying fees or costs (ECF No. 1) is granted.

It is further ordered that the Clerk of the Court file the complaint (ECF No. 1-1).

It is further ordered that the complaint is dismissed in its entirety, with prejudice, as amendment would be futile.

It is further ordered that this Court certifies that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

It is further ordered that the Clerk of the Court enter judgment accordingly.

Dated: May 8, 2018.

_____
UNITED STATES DISTRICT JUDGE